UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.   17-116 (RDM)** |
| | : | |
| v. | : | |
| | : | |
| **STEVE JAMAL SMITH,** | : | |
| also known as  Jabrail Love, | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. This memorandum, together with such evidence as may be presented at the sentencing hearing and the Government's allocution at the time of sentencing, is intended to outline to the Court relevant matters relating to what the government believes would be an appropriate sentence in this case. Because of this conviction, the government has reviewed the application of the advisory Sentencing Guidelines, and the relevant factors set forth in 18 U.S.C. § 3553, for the impact on the appropriate sentence for the defendant in this matter. Based on that review, the government has concluded and the facts dictates that an appropriate sentence for defendant Smith would be a sentence at the high-end of the applicable sentencing guidelines range for incarceration followed by and an appropriate amount of supervised release.

**I.   INTRODUCTION**

On November 13, 2017, during a multi-day jury trial, the defendant and his co-defendant, John King Lionell, were found guilty of Conspiracy to Commit Bank Robbery in violation of Title 18, United States Code, Section 371.

## II.   FACTUAL BACKGROUND

The evidence proved that on January 26, 2016, the defendant and his co-defendant Lionell entered BB&T Bank together located at 3101 14th Street, N.W., Washington, D.C. While inside the BB&T Bank, they inquired about opening a bank account. A bank employee provided them with a brochure. Both defendants were observed in possession of the bank brochure. After which, the defendants walked up to a bank teller where co-defendant Lionell presented a demand note for money to a victim teller and instructed the teller not to press the silent alarm. The victim teller did not provide the defendants with any money. After not receiving any cash, co-defendant Lionell told defendant Smith "Hurry up let's go! Let's go!" At that time, the defendants exited the bank together. Subsequently, the defendants entered the Washington Metropolitan Area Transit Authority ("WMATA") Columbia Heights Metro Station together and rode the subway train to Maryland, where they were later observed exiting the WMATA Silver Spring Metro Station together.

After exiting the subway station and a short time later, the defendants entered the Capitol One Bank together located at 8676 Georgia Avenue, Silver Spring, Maryland. When inside the bank, the defendants approached the teller's window. Defendant Smith displayed a demand note for money to the victim teller, while co-defendant Lionell stood next to defendant Smith. Defendant Smith stated to the victim teller, "Put your hands up . . . Don't put your hands down." After not receiving any money from the victim teller, the defendants exited the Capitol One Bank.

During the course of the investigation by law enforcement of the bank robbery at the BB&T Bank, the FBI retrieved the bank brochure, which the defendants possessed and sent it to be further examined for possible fingerprints. A subsequent forensic examination by a FBI fingerprint

˘2˘

examiner determined that defendant Smith's fingerprints were located the bank brochure.

## III. SENTENCING CALCULATION

### A. Statutory Maximum

The maximum statutory penalty provided for a violation of Conspiracy to Commit Bank Robbery in violation of Title 18, United States Code, Section 371 carries a maximum sentence of five years of imprisonment; a fine of $15,000 to $150,000; a term of supervised release of not more than 3 years, pursuant to USSG section 5D1.2(a)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### B. Sentencing Guideline Calculation

The government has reviewed the Presentence Investigation Report ("PSR") prepared by Ms. Kathie J. McGill. In the PSR for the defendant, U.S. Probation calculated his offense level of 22, and Criminal History Category I, Guideline range of 41-51 months. *See* PSR ¶67.[1]

### C. Sentencing Factors

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing defendant Smith. These factors are discussed below numbered as they are in Section 3553(a). As noted above, the government has concluded and the facts dictates that an appropriate sentence for defendant Smith would be a sentence at the high-end of the applicable sentencing guidelines range for incarceration.

---

[1] The government is aware that if U.S. Probation is able to verify with documentation certain convictions of the defendant, the defendant's criminal history points would increase by six points and he would have a criminal history category III. Therefore, the defendant's range would be 51 to 63 months of incarceration.

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

    **(A) The nature and circumstances of the offense**

Here, the nature and circumstances of the offense counsel in favor of a high-end range of incarceration of the applicable sentencing guidelines. Defendant Smith was a very determined bank robber and at no time attempted to stop his criminal activities. After not receiving any money in the bank robbery in the Washington, D.C., the defendant and co-defendant immediately when to Maryland to rob another bank. During the multi-day jury trial, the government presented substantial evidence as to defendant's involvement in a conspiracy to commit bank robbery, at the BB&T Bank, located at 3101 14th Street, NW, Washington, D.C. and Capitol One Bank, located at 8676 Georgia Avenue, Silver Spring, Maryland.

In addition, during the course of the investigation by law enforcement of the bank robbery at the BB&T Bank, the FBI retrieved the bank brochure, which the defendants possessed and sent it to be further examined for possible fingerprints. A subsequent forensic examination by a FBI fingerprint examiner determined that defendant Smith's fingerprint was located the bank brochure. After the identification of defendant Smith from his fingerprint on the BB&T brochure, agents from the FBI were able to identify several witnesses who identified both defendants from bank surveillance photos.

    **(B) The history and characteristics of the defendant**

The defendant's history and characteristics also counsel in favor of a high-end period of incarceration range of the applicable guideline sentence, which was determined by U.S. Probation. Significantly, the government avers that the defendant's criminal history score that is outlined in

˘4˘

the PSR, *under-represents* the defendant's criminal history. Here, the PSR reflects the defendant's criminal history from 2011 to 2014 to present, which is detailed in the PSR in ¶¶ 25-28. For example, as outlined in the PSR the defendant has a conviction for; *inter alia*, Robbery - 2011 Maryland.[2] Based on his criminal record, the defendant clearly has not decided to follow the rules in our society and to live a crime-free life. Consequently, the defendant poses a substantial danger to the community and has shown through his recurring criminal conduct that he has not been deterred from crime.

> **(2)** **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; to protect the public from further crimes of the defendant; and (D) to provide defendant with appropriate education or vocational training.**

In determining the proper sentence, a sentencing court has discretion to consider the reliability with which relevant facts, including those underlying acquitted conduct, where established, and to consider how closely related such relevant conduct is to the offense of conviction. *Cf. United States v. Cordoba-Murgas*, 233 F.3d 704, 709 (2d Cir. 2000). Defendant Smith was convicted of Conspiracy to Commit Bank Robbery in violation of Title 18, United States Code, Section 371. His actions, and the actions of his co-defendant, placed the victim bank tellers in fear for their safety. A sentence at the high-end incarceration range of the applicable guideline will promote respect for the law, provide just punishment, and deter others who otherwise might engage in similar conduct—which are also important sentencing objectives.

---

2  As noted su*pra*, the government is aware that if U.S. Probation is able to verify with documentation certain convictions of the defendant listed in his PSR, the defendant's criminal history and sentencing range would increase to 51 to 63 months of incarceration.

˜5˜

**(3) The kinds of sentences available**

The maximum statutory penalty provided for a violation of Conspiracy to Commit Bank Robbery in violation of Title 18, United States Code, Section 371 carries a maximum sentence of five years of imprisonment; a fine of $15,000 to $150,000; and a term of supervised release of not more than 3 years.

**(4) The sentencing range established by the United States Sentencing Guidelines**

The Supreme Court has declared that, in terms of determining an appropriate sentence, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, 128 U.S. 586, 596 (2007). Here, the government believes that a high-end range of incarceration of the applicable guideline sentence is the appropriate sentence in this case, as outlined *supra*.

**(5) Any pertinent policy statement issued by the USSC**

The government is unaware of any pertinent policy statements issued by the USSC.

**(6) The need to avoid unwarranted sentencing disparities among defendants with similar records**

As discussed above, the defendant should be sentenced to the high-end range of incarceration of the applicable guideline sentence.

## IV.     CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court impose a high-end range of incarceration of the applicable guideline sentence.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

_____/s/_____
Emory V. Cole
P.A. Bar No. 49136
Kamilah O. House
D.C. Bar No. 981-377
Assistant United States Attorneys
Violent Crime and Narcotics
Trafficking Section
555 4th Street, NW
Washington, D.C. 20530
(202) 252-7692
e-mail: Emory.cole@usdoj.gov